*Ophir J. Bitton*
Principal

Of Counsel
*Cesar G. Lachica, Jr.*

# Bitton & Associates

7220 Melrose Avenue, 2nd Floor
Los Angeles, CA 90046
(310) 356-1006
Fax: (818) 524-1224

File 670.001
Via Certified U.S. Mail

August 21, 2015

Macy's West Stores, Inc. d.b.a Macy's
Attn: Legal Department
7 West 7th Street
Cincinnati, OH 45202

Macy's West Stores, Inc. d.b.a Macy's
c/o CSC Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA

Macy's Beverly Center
Attn: Legal Department
8500 Beverly Blvd.
Los Angeles, CA 90048

Re: *Yesenia Sandoval Gonzalez v. Macy's West Stores, Inc. d.b.a. Macy's*
(Employment Matter)

Dear Sir and/or Madam:

Our office provides legal representation for YESENIA SANDOVAL GONZALEZ ("GONZALEZ") regarding her employment with Macy's West Stores, Inc. d.b.a. Macy's ("MACY'S"). Consistent with the requirements of *Labor Code* §2698 et seq., we are writing in a good faith attempt to resolve employment claims GONZALEZ and all those similarly situated ("SALESPERSONS") have against MACY'S without having to resort to litigation. Also, this letter is simultaneously being sent to the California Labor and Workforce Development Agency ("LWDA"). GONZALEZ reserves the right to pursue claims for all those similarly situated as well on a class basis or otherwise. As set forth in greater detail below SALESPERSONS have several meritorious claims against MACY'S related to their employment, including: (1) failure to pay regular time wages; (2) failure to pay overtime; (3) failure to provide meal and rest breaks; (4) failure to provide accurate itemized wage statements; (5) unlawful withholding of wages; (6) waiting time penalties; and (7) for unfair business practices. SALESPERSONS' claims include reliefs under the Private Attorney General Act ("PAGA") as set forth in *Labor Code* §2698 et seq.

**Facts**

GONZALEZ was hired by MACY'S as a salesperson in 2009 until her termination on June 30, 2015. GONZALEZ was assigned at the bedding, kids clothes,

and houseware sections of MACY'S store located in Beverly Center located at 8500 Beverly Boulevard, Los Angeles, CA 90048. GONZALEZ's position, like those similarly situated, with MACY'S is non-exempt employee. SALESPERSONS' compensation structure, like GONZALEZ, included non-discretionary commission/bonus pay or "incentive" pay. GONZALEZ, like those similarly situated, typically worked more than 40 hours in a week, five times a week or on holidays, and at times they were required to report to work seven days a week. GONZALEZ typically reported to work from 7:00 a.m. to 8:00 p.m. However, when calculating the regular rate of pay in order to pay GONZALEZ and similarly situated SALESPERSONS, MACY'S did not include the non-discretionary commission/bonus pay or "incentive" pay earned by the SALESPERSONS, including GONZALEZ during the relevant pay period.

Also, when SALESPERSONS, including GONZALEZ, were finished for the day, they clocked out from the register at their department; however, SALESPERSONS, including GONZALEZ were and are thereafter required still needed to report to the risk management department for inspection of their personal belongings. They are not allowed to leave work until they are done. At times, they needed to wait in line for the officer to finish checking other employees' personal belongings. At other times they simply need to wait for the officer. This time spent for waiting in line is considered working hours. MACY's did not pay its SALESPERSONS, including GONZALEZ for the time spent waiting in line for inspection before being allowed to leave work.

At times, they are only three salespersons covering the third floor of MACY's Beverly Center and other location. SALESPERSONS, including GONZALEZ, were regularly required to work through their daily rest periods. SALESPERSONS, including GONZALEZ, were only allowed to take their meal breaks if they are covered, which is rarely. If SALESPERSONS, including GONZALEZ, would take timely lunch breaks but the floor is not covered, they were reprimanded by management. SALESPERSONS, including GONZALEZ, were regularly required to work in excess of ten hours a day. In these instances that they work more than ten hours a day, SALESPERSONS, including GONZALEZ, were not provided a second meal breaks. Also, SALESPERSONS, including GONZALEZ, were regularly not allowed to have their rest breaks.

### Failure to Pay Regular Time Wages and Overtime Wages

Under *Labor Code* § 510, an employee must be paid overtime after working eight (8) hours in a day and forty (40) hours in a week. Overtime must be paid at one-and-a-half times the regular rate of pay after eight hours in a day and forty hours in a week. The overtime rate becomes two times the regular rate of pay for hours over twelve in a day, or over eight hours on the seventh consecutive day worked. The "regular rate of pay" is comprised of more than just the employee's hourly rate of pay it includes many different kinds of monetary remuneration an employee earns for his labor, including commissions and bonuses. (29 *U.S.C.* 207(e).) Employers must include these nondiscretionary bonuses along with other earnings to determine an employee's regular rate on which overtime pay is computed each pay period. A bonus is "nondiscretionary" if the employer makes a

promise to pay it based on the requirements being met. This includes bonuses designed to induce the employees to work more steadily, more rapidly or more efficiently, to remain with the employer, to meet attendance goals, individual or group production bonuses and bonuses for quality and accuracy of work. (29 *C.F.R.* 778.211(c).) This also includes spiffs. *Labor Code* § 1194 also establishes an employees' right to recover unpaid wages, including overtime compensation and interest thereon, together with the cost of suit. Moreover, the Fair Labor Standards Act provides liquidated damages in the amount of all overtime not paid in addition to the overtime pay.

As you know, SALESPERSONS, including GONZALEZ, regularly worked overtime during the entire time of their employment. SALESPERSONS, including GONZALEZ, hourly rate at all times relevant should have to be determined by a detailed accounting of their non-discretionary commission/bonus pay or "incentive" pay. In any pay period in which a bonus has been earned MACY's was and is required to recalculate the rate of pay upon which overtime for that pay period is calculated. This may be accomplished by adding together all compensation earned for the workweek and then dividing the compensation by the number of regular time hours worked. This would provide a revised hourly rate upon which overtime may be calculated. However, MACY'S failed to take into account non-discretionary commission/bonus pay or "incentive" pay in calculating the overtime pay of SALESPERSONS, including GONZALEZ.

Also, after their shifts and after clocking out from their register, SALESPERSONS, including GONZALEZ, were mandatorily required by MACY's to be subjected to a search of their personal belongings for company merchandise before they are allowed to leave work. The time spent for reporting to the risk management department, and waiting for the search was not paid by MACY's and has resulted in substantial unpaid regular and overtime hour everyday for thousands of MACY'S employees.

Since the statute of limitations under *Business and Professions Code* §§ 17200 et seq. is four years, SALESPERSONS, including GONZALEZ similarly situated would be entitled to overtime pay from August of 2011.

### Failure to Provide Meals and Rest Periods

Employees who work more than five hours in a day are entitled to a meal period of at least 30 minutes; and a second meal period of at least 30 minutes if they work for more than 10 hours in a day. [*Labor Code* §512(a)]. State law also requires employers to authorize rest period of specified minimum duration (generally 10 minutes of paid rest for every four hours of works). [*8 California Code Regulations* ("*Cal. C. Regs.*") §§11010-11150 ¶2 and §11160 ¶1]. An IWC Wage order mandates that no employer may require an employee to work during any meal or rest period [*Labor Code* §226.7(a)]. An employer who fails to provide meal or rest periods as required by an applicable Wage Order must pay the employee one additional hour of pay at the employee's regular rate of

pay for each work day that a meal or rest period was not provided. [*Labor Code.* §226.7(b)] [8 Cal. C. Regs. §§11010 et seq. ¶11].

SALESPERSONS, including GONZALEZ, were regularly required to work through their daily meal periods. They are not allowed to take meal breaks if they are not covered in the department. This often resulted in no lunch at all or lunch after the 8th hour of work. For example with GONZALEZ, there were only three salespersons covering the third floor of MACY'S were GONZALEZ was assigned. Therefore, GONZALEZ was rarely allowed to take her meal breaks or timely take her meal break as there was no one to cover for her. GONZALEZ believed that this is also the situation in almost all of MACY'S Stores. SALESPERSONS, including GONZALEZ, were also not given a second meal period, for which they are entitled if they worked more than 10 hours a day. In fact, they were never informed that they were entitled to a second meal period, or a third when working 15 or more hours. To GONZALEZ's knowledge, SALESPERSONS did not waive their meal breaks nor have they signed an on-duty meal periods agreement. Nonetheless, such meal breaks are not waivable because the job assignments did and do not fit the description for an assignment which was waivable. Likewise, MACY'S did and regularly does not allow SALESPERSONS, including GONZALEZ to take their additional 10 minute rest periods for every four hours of work.

Again in order to estimate the amount owed to SALESPERSONS, including GONZALEZ, that is one hour for each meal time and one hour for each day with a rest break violation, we would need a full accounting to determine the SALESPERSONS, including GONZALEZ, hourly rate.

### **Failure to Provide Accurate Itemized Statements**

*Labor Code* §226(a) requires employers to provide accurate itemized wage statements for each wage payment. *Labor Code* §226 (e) provides for a recovery of the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) ( per employee).

In this case, MACY'S did not provide the SALESPERSONS, including GONZALEZ with accurate and proper wage statements to account for all lunches and breaks missed. The SALESPERSONS, including GONZALEZ were paid weekly. Since this violation occurred for approximately 208 pay periods, SALESPERSONS, including GONZALEZ would be entitled to the maximum penalty of **$4,000.00** each.

*Labor Code* §226.3 provides in relevant part:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in

a subsequent citation for which the employer fails to provide the employee a wage deduction statement or fails to keep the record required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law.[1]

Again, approximately 52 pay periods are at issue for each SALESPERSON. Thus, the amount owed per SALESPERSON would be 1 (pay period) x $250 + 51 (pay periods) x $1,000 = **$51,250.00**. The same computation applies for GONZALEZ.

### Unlawful Withholding of Wages

*California Labor Code* §216 provides that it is a misdemeanor for an employer to "willfully refuse to pay wages due and payable after demand has been made" or "falsely den[y] the amount or validity thereof."

*California Labor Code* §225.5 provides a penalty of $100 for an initial violation and $200 for any subsequent violation of §216 plus 25% of the withheld amount.

SALESPERSONS, including GONZALEZ got paid weekly. Thus, the claim of GONZALEZ alone encompasses approximately 52 pay periods. As such, 1 pay period $100 + 51 (pay periods) at $200 each, equals $10,300.00 for GONZALEZ. The same computation applies to every SALESPERSON who is similarly situated with GONZALEZ.

Additionally, 25% of any withheld amount, exact amount of which will be subject to proof, would also be assessed against MACY'S.

### Waiting Time Penalties

Under California law, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately [California *Labor Code 201(a)*]. Likewise, if an employer willfully fails to pay, any wages of an employee who is discharged or quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. *[California Labor Code 203(a)]* Here, GONZALEZ was paid of her work rendered when she was terminated. However GONZALEZ, and those similarly situated have not received accurate regular time and overtime pay, and meal and rest breaks. As such, she is entitled to 30 days of waiting time penalties. This claim is being sought also for those similarly situated employees that have been discharged and/or terminated by MACY'S who still have not received accurate regular and overtime pay, and meal and rest breaks. As such, the similarly situated employees are entitled to 30 days of waiting time penalties.

---

[1] Section 226.3 is subject to private enforcement. *Brewer v. Premier Golf Properties* (2008) 168 Cal.App.4th 1243, 1252.

### Violation of the Unfair Business Practices Act

For carrying out these and other unlawful, unfair or fraudulent business acts and/or practices MACY'S has violated the *California Business and Professions Code* § 17200 et. seq. For such violations, the SALESPERSONS, including GONZALEZ, are is entitled to the restoration of any money or property, real or personal, which MACY'S may have acquired by means of such unlawful, unfair or fraudulent business acts and/or practices. (*California Business and Professions Code* § 17203)

### Attorney's Fees

*Labor Code* §§226 (e), 1194, and 2699 (*et seq.*) provisions provide that an employee is entitled to recover attorney's fees and costs in an action to collect wages owed.

### Request for Employee File

GONZALEZ also requests that you forward her personnel file, all W4 information, and all signed documents pursuant to *Labor Code* § 432, all wage related documents in his file pursuant to 226(b) and all personnel files pursuant to *Labor Code* § 1198.5. In the event you refuse to provide her personnel file, please let us know when we may accompany GONZALEZ to inspect the file pursuant to *Labor Code* §1198.5. You are requested to produce these documents within the time prescribed by the law.

If you have any questions or concerns regarding the foregoing, do not hesitate to contact us. Otherwise, please respond to this letter by no later **September 4, 2015** and confirm that we will be receiving the files requested.

Regards,
BITTON & ASSOCIATES

OPHIR J. BITTON

OJB//rtg
cc: Client

Case 2:16-cv-03267-DSF-FFM   Document 1-3   Filed 05/12/16   Page 7 of 7   Page ID #:106

**CERTIFIED MAIL**

**Bitton & Associates**

7220 Melrose Avenue, 2nd Floor
Los Angeles, CA 90046

7015 0640 0000 0608 1839




U.S. POSTAGE
$4.16
FCM LETTER
90048
Date of sale
08/21/15
06  2S00
08334851

CA 900
21 AUG '15
PM 1 4 L

**Macy's West Stores, Inc. d.b.a Macy's
c/o CSC Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833**

95833350224